# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Jeffrey James Beers, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 338 M.D. 2018 |
| | : | Submitted: July 20, 2018 |
| Pennsylvania State Police | : | |
| Respondent | : | |

BEFORE:   HONORABLE ROBERT SIMPSON, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**           **FILED: August 29, 2018**

Before us in our original jurisdiction are the Pennsylvania State Police's (PSP) preliminary objections to Jeffrey James Beers' (Beers) petition for review seeking mandamus relief and monetary damages for alleged harm to his reputation. Representing himself, Beers filed a complaint in the nature of mandamus alleging the Sexual Offender Registration and Notification Act (SORNA)[1] was unconstitutional as applied to him pursuant to <u>Commonwealth v. Muniz</u>, 164 A.3d 1189 (Pa. 2017), <u>cert.</u> <u>denied</u>, __ U.S. __, 138 S. Ct. 925 (2018). PSP argues Beers fails to state a claim for mandamus relief because he is currently incarcerated, and it challenges his standing. Notably, PSP's preliminary objections did not acknowledge Beers' damages claim. Upon consideration, we overrule PSP's preliminary objections, and we direct it to file an answer to the petition for review.

---

[1] Sections 9799.10-9799.41 of the Sentencing Code, 42 Pa. C.S. §§9799.10-9799.41, effective December 20, 2012. SORNA, commonly known as Megan's Law IV, was enacted "[t]o bring the Commonwealth into substantial compliance with the Adam Walsh Child Protection and Safety Act of 2006[,] [42 U.S.C. §§16901-16945]." 42 Pa. C.S. §9799.10(1).

## I. Background

Beers is currently serving an aggregated sentence of 10 to 25 years in prison for involuntary deviate sexual intercourse. See Pet. for Review (Pet.) at ¶¶5-6. In 2008, when Beers pled guilty and was sentenced for this offense, Megan's Law III[2] was in effect.

Megan's Law III was replaced by SORNA. Muniz. Beers' offense, relating to involuntary deviate sexual intercourse, is classified as a Tier III offense requiring lifetime registration under SORNA. 42 Pa. C.S. §9799.14(d)(4). SORNA vests regulatory authority in PSP, and PSP maintains the sex offender registry.

In January 2017, our Supreme Court decided Muniz, holding that SORNA's registration provisions were punitive in nature. As a result, it reasoned the retroactive application of those provisions violated the *ex post facto* clauses of the United States and Pennsylvania Constitutions.[3] In addition, the Court held "SORNA's registration and online publication provisions place a unique burden on the right to reputation, which is particularly protected in Pennsylvania." Muniz, 164 A.3d at 1223.

---

[2] The General Assembly enacted Megan's Law III, the Act of November 24, 2004, P.L. 1243, when our Supreme Court deemed portions of Megan's Law II, the Act of May 10, 2000, P.L. 74, constitutionally infirm in Commonwealth v. Williams, 832 A.2d 962 (Pa. 2003). Megan's Law II followed Megan's Law I, the Act of October 24, 1995, P.L. 1079 (Spec. Sess. No. 1), 42 Pa. C.S. §§9791-9799.6, which our Supreme Court held unconstitutional in Commonwealth v. Williams, 733 A.2d 593 (Pa. 1999).

[3] Article I, Section 10 of the United States Constitution provides, in pertinent part: "No State shall … pass any … *ex post facto* Law …." U.S. CONST. art. I, §10. Article I, Section 17 of the Pennsylvania Constitution provides, in pertinent part that, "No *ex post facto* law … shall be passed." PA. CONST. art. I, §17.

In May 2018, Beers filed a petition for review consisting of two counts. In the first count, he sought mandamus relief from SORNA's registration requirements pursuant to Muniz.[4] Specifically, he alleged "SORNA is incapable of being utilized in [his] situation based upon the fact that SORNA did not exist at the time of either his original conviction or sentencing." Pet. at ¶8. He requested this Court direct his removal from the SORNA registry and shield him from additional sanctions imposed by SORNA, and direct "place[ment] on the correct version of Megan's Law or remov[al] completely based upon proper application of *stare decisis*." Pet. at ¶13.

In the second count, Beers sought monetary damages for violation of his right to reputation under the Pennsylvania Constitution based on publication on the SORNA registry. Pet. at ¶¶14-19. He alleged claims sounding in tort, including negligent and intentional infliction of emotional distress. Id. at ¶¶15, 19.

PSP filed preliminary objections asserting Beers fails to state a cognizable claim because he is not subject to SORNA's registration requirements while he is incarcerated. Because SORNA has not been applied to Beers, and he is not listed in the registry, PSP contends Beers' claim is not ripe. For the same reason, PSP also asserts Beers lacks standing.

---

[4] In his petition for review, Beers cites SORNA, 42 Pa. C.S. §§9799.10-9799.41, as the basis for his mandamus claim based on Commonwealth v. Muniz, 164 A.3d 1189 (Pa. 2017), cert. denied, __ U.S. __, 138 S. Ct. 925 (2018). However, the General Assembly amended certain provisions of SORNA through the Act of February 21, 2018, P.L. 27, No. 10 (commonly known as Act 10), and added new sections, 42 Pa. C.S. §§9799.42, 9799.51-9799.75. Various provisions of Act 10 were reenacted and amended by the Act of June 12, 2018, P.L. 140, No. 29 (Act 29), which became effective immediately. Beers' petition seeks no relief based on legislation enacted subsequent to SORNA.

Beers filed a response to the preliminary objections, acknowledging his current incarceration. Because he is unable to consult the sexual offender registration, Beers denied that he is not presently listed in the registry. Beers alleges that some inmates were listed on the registry despite their incarceration. See Response to Prelim. Objs. at ¶14. Beers also filed a brief in support of his response.[5]

After briefing, the matter is ready for disposition.

## II. Discussion

A demurrer contests the legal sufficiency of a complaint. Barge v. Pa. Bd. of Prob. & Parole, 39 A.3d 530 (Pa. Cmwlth. 2012), aff'd, 96 A.3d 360 (Pa. 2014). When assessing legal sufficiency, this Court must accept as true all well-pled, material and relevant facts alleged in the complaint and every inference fairly deducible from those facts. Markham v. Wolf, 147 A.3d 1259 (Pa. Cmwlth. 2016) (en banc). This Court, however, is not required to accept as true conclusions of law, unwarranted inferences from facts or expressions of opinion. Doe v. Miller, 886 A.2d 310 (Pa. Cmwlth. 2005). "To sustain preliminary objections, it must appear with certainty the law will not permit recovery, and any doubts should be resolved by a refusal to sustain them." Id. at 314. With these principles in mind, we address PSP's preliminary objections.

---

[5] In his brief, Beers argues for the first time that he should not be subjected to any sexual offender registration "regardless of any legislative enactment such as **Act 10 of 2018**, or any future enacted statutory provision." Pet'r's Br. at 7 (emphasis in original). Nevertheless, Beers did not amend his petition to include a claim for relief from subsequent sexual offender registration or request leave to amend. Thus, such a claim is not properly before us.

4

## A. Mandamus Claim

To state a mandamus claim, the petitioner must prove "a clear legal right to relief … a corresponding duty in the respondent and the lack of any other adequate and appropriate remedy." Smires v. O'Shell, 126 A.3d 383, 387 (Pa. Cmwlth. 2015). Mandamus cannot lie "to compel performance of a discretionary act or to govern the manner of performing [the] required act." Coppolino v. Noonan, 102 A.3d 1254, 1263 (Pa. Cmwlth. 2014) (en banc), aff'd, 125 A.3d 1196 (Pa. 2015) (citation omitted). Mandamus only offers a remedy to enforce established rights. Smires.

## 1. Standing & Ripeness

First, we address PSP's challenge to Beers' standing and related challenge to the ripeness of his claim.

Our Supreme Court recognizes the "considerable overlap" between standing and ripeness, especially where the objecting party's challenge to justiciability "focused on arguments that the interest asserted by the petitioner is speculative, not concrete, or would require the court to offer an advisory opinion." Yocum v. Pa. Gaming Control Bd., 161 A.3d 228, 234 (Pa. 2017) (citation omitted). However, "[s]tanding and ripeness are distinct concepts insofar as ripeness also reflects the separate concern that relevant facts are not sufficiently developed to permit judicial resolution of the dispute." Id.

"[T]he doctrine of ripeness mandates the presence of an 'actual controversy' and requires consideration of 'whether the issues are adequately developed and the hardships that the parties will suffer if review is delayed.'" Bucks

Cty. Servs., Inc. v. Phila. Parking Auth., 71 A.3d 379, 390 (Pa. Cmwlth. 2013) (quoting Bayada Nurses, Inc. v. Dep't of Labor & Indus., 8 A.3d 866, 874 (Pa. 2010)).

To have standing, a litigant must show his interest in the litigation is substantial, direct and immediate. Van Doren v. Mazurkiewicz, 695 A.2d 967 (Pa. Cmwlth. 1997) (rejecting ripeness challenge under Megan's Law I; holding inmate had standing to challenge registration requirements). The three elements of standing are well-established. As this Court explained:

> [A] 'substantial' interest is an interest in the outcome of the litigation which surpasses the common interest of all citizens in procuring obedience to the law. A 'direct' interest requires a showing that the matter complained of caused harm to the party's interest. An 'immediate' interest involves the nature of the causal connection between the action complained of and the injury to the party challenging it ....

Markham, 147 A.3d at 1282 n.9 (quoting S. Whitehall Twp. Police Serv. v. S. Whitehall Twp., 555 A.2d 793, 795 (Pa. 1989)).

In the instant matter, there is no dispute that Beers is currently incarcerated in a state correctional institution for involuntary deviate sexual intercourse. Pet. at ¶2. This felony in the first degree is a sexual offense requiring registration as a sexual offender.

PSP contends Beers is not adversely impacted by SORNA because he is not subject to its registration requirements while he is incarcerated. We disagree.

6

That the statute tolls registration requirements while Beers is incarcerated, see 42 Pa. C.S. §9799.15(c)(1)(i), does not deprive him of standing. A sexual offender has standing to challenge registration requirements to which he may be subject upon his release from prison. Padgett v. Noonan (Pa. Cmwlth., No. 412 M.D. 2017, filed July 30, 2018) (unreported) (granting inmate summary relief from SORNA as construed in Muniz); Van Doren; see also Gregory v. Pa. State Police, 160 A.3d 274 (Pa. Cmwlth. 2017) (single j. op.) (overruling PSP's preliminary objection challenging inmate's standing to request relief from SORNA registration); accord Gregory v. Pa. State Police, 185 A.3d 1202 (Pa. Cmwlth. 2018) (granting inmate's application for relief from SORNA) (Gregory (2018)).

Recently, in Padgett, this Court considered PSP's challenge to an inmate's standing to obtain relief from SORNA registration requirements based on his incarceration. Like this case, in Padgett PSP contended an inmate could not state a claim in mandamus to preclude SORNA's retroactive application because SORNA was not yet applied to him. PSP maintained that the inmate's claim would not ripen until the registration requirement was imposed, upon his release from prison.

We rejected PSP's ripeness argument, and we overruled PSP's preliminary objection to standing on that ground. Id. In so doing, we adopted the reasoning Judge Cohn Jubelirer set forth in Gregory. Prior to this Court's panel decision granting the inmate summary relief in Gregory (2018), this Court concluded incarcerated inmates have standing to challenge the retroactive application of SORNA's registration requirements to them under Muniz. Because SORNA's registration requirements would be imposed on the inmate by operation of law, this

7

Court recognized the inmate's substantial and direct interest in relief from SORNA that surpassed that of other citizens.  Padgett.

Like the inmate in Gregory, Beers has a direct and substantial interest in protecting himself from the retroactive application of SORNA.  Our Supreme Court deemed the registration requirements punitive in nature, and it held that application of SORNA to persons whose convictions for sexual offenses predated SORNA's enactment was unconstitutional.  Muniz.  Beers would be aggrieved by the unconstitutional application of SORNA to him.

Further, the harm Beers complains of is not speculative or remote.  Padgett; Van Doren.  Beers claims he has been placed on SORNA's sexual offender registry, and that "was the proximate cause of [him] being harassed, threatened, and vilified by others … subject[ing] him to additional scrutiny based upon the 'scarlet letter' of 'sex offender.'"  Pet. at ¶18.  These are allegations of fact that, if true, may form the basis for a claim for relief.  While PSP makes contrary factual assertions, at the preliminary objection stage, we are constrained to accept Beers' averments as true.  Markham.

Application of subsequent legislation (SORNA) that requires sexual offender registration upon release from prison, although not yet imposed, aggrieves an inmate who is subject to such registration by operation of law.  See Van Doren; Gregory.  Even if Beers' release from prison is not imminent, this fact does not render the harm remote.  Padgett.

8

Further, we are unpersuaded that Beers faces no concrete injury to the extent he is subjected to sexual offender registration upon his release from prison. PSP acknowledges Beers would be required to register as a sexual offender, "if released today," under Act 10. Resp't's Br. at Section III (B) (unpaginated). Our Supreme Court and this Court recognize the punitive effect that sexual offender registration exacts. Muniz; see Coppolino, 102 A.3d at 1272 n.26 (citing E.B. v. Verniero, 119 F.3d 1077 (3d Cir. 1997), as to negative consequences of Megan's Law registration).

Therefore, because Beers alleges a substantial and direct injury that will be imposed by operation of law, as well as an injury to his reputation by virtue of placement on the sexual offender registry, we overrule PSP's challenge to his standing.

**2. Demurrer**

Next, we consider PSP's demurrer to Beers' mandamus claim. Significantly, PSP argues mandamus relief is not cognizable because Beers has no current obligation to register based on his incarceration.

We rejected PSP's identical argument in Padgett. Muniz pertained to the retroactive application of SORNA and held it was unconstitutional as applied to those whose sexual offense convictions predated its enactment. Beers' 2008 convictions predate SORNA. Because the holding in Muniz was not limited to sexual offenders who were registered under a prior version of Megan's Law or SORNA, Beers may state a claim for relief from SORNA's application to him.

9

Moreover, here, Beers asserts he was placed on the SORNA sexual offender registry despite the fact that Megan's Law III was in effect at the time of his conviction. He is seeking his removal if not already removed, and protection from any other SORNA punitive measures pursuant to Muniz. Because application of SORNA to Beers' 2008 conviction is unconstitutional, he may state a claim for relief from SORNA's provisions. Padgett.

## B. Damages Claim

Significantly, PSP did not file a preliminary objection to Beers' damages claim. Indeed, PSP did not acknowledge that Beers sought any relief other than mandamus.

Specifically, PSP's objection for failure to state a claim avers "[Beers] cannot succeed on a mandamus action, when the relief he requests is not cognizable." Resp't's Prelim. Objs. at ¶9. Although damages can be recovered in mandamus if the damages relate to the mandate sought, School District of Pittsburgh v. City of Pittsburgh, 352 A.2d 223 (Pa. Cmwlth. 1976), Beers did not seek damages related to PSP's alleged failure to perform a mandatory duty.[6]

---

[6] Beers raised two theories of recovery in his damages claim: (1) PSP's violation of his constitutional right to reputation, for which he cited Muniz; and, (2) PSP's tortious infliction of emotional distress, for which he cited the Restatement (Third) of Torts. PSP did not address either theory in its preliminary objections, or its brief in support.

To the extent his claim for damages relates to a constitutional violation, to date, this Court has declined to recognize a cause of action for damages for violating a constitutional right. See Balletta v. Spadoni, 47 A.3d 183, 192 (Pa. Cmwlth. 2012) (declining to recognize damages claim for constitutional defamation; stating "To date, neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution."); Jones v. City of Phila., 890 A.2d 1188, 1208 (Pa. Cmwlth.) (en banc), appeal denied, 909 A.2d 1291 (Pa. 2006) (stating "neither statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution"; declining to recognize cause of action for damages for alleged violations of search

10

PSP did not assert any objection to Beers' damages claim, which is separate from and set forth different legal and factual grounds than his mandamus claim. See Pet. at ¶14-19. Therefore, we decline to dismiss it at this juncture regardless of its likelihood of success. Bell v. Rockview State Corr. Facility, 620 A.2d 645 (Pa. Cmwlth. 1993); see Lutweiler v. Northchester Corp., 319 A.2d 899, 901 n.5 (Pa. 1974) (explaining dismissal of cause of action on court's own motion was inappropriate; "limiting [its] consideration of the decree appealed from to the preliminary objections which were raised"); see, e.g., Taylor v. Pa. State Police, 132 A.3d 590 (Pa. Cmwlth. 2016) (addressing each preliminary objection in the nature of a demurrer to each legal challenge sex offender raised to SORNA); Malone v. Pa. State Police (Pa. Cmwlth., No. 577 M.D. 2015, filed April 28, 2017) (unreported), 2017 WL 1533870 (addressing PSP's demurrer to each claim separately; recognizing PSP did not demur to challenge to SORNA notification provisions and requiring PSP to answer claims to which it did not object).

## III. Conclusion

For the foregoing reasons, PSP's preliminary objections are overruled, and we direct PSP to file an answer to the petition for review.

ROBERT SIMPSON, Judge

---

and seizure clause of Pennsylvania Constitution, based in part on sufficient protection of equivalent right under federal constitution).

To the extent his damages claim relates to the torts involving infliction of emotional distress, PSP did not challenge its legal sufficiency or otherwise object to the claim. Beers alleged that "by presenting him on the SORNA website as a public display with a 'scarlet letter' of 'sex offender,'" Pet. at ¶14, PSP committed a tortious act that subjected him to harassment. Id. at ¶¶15, 18.

If appropriate, PSP may file an application for summary relief as to these claims.

11

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jeffrey James Beers,          :
            Petitioner    :
                       :
       v.                   :    No. 338 M.D. 2018
                       :
Pennsylvania State Police    :
            Respondent   :

## O R D E R

**AND NOW**, this 29th day of August, 2018, Respondent Pennsylvania State Police's (PSP) preliminary objections to Petitioner Jeffrey James Beers' Petition for Review in the Nature of a Complaint in Mandamus are **OVERRULED**. Accordingly, PSP is directed to file an answer within thirty (30) days of the date of this order.

 

                                _____

                                ROBERT SIMPSON, Judge